UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MICHELE SAVOCA,

JUDGE CHIN

07 CV 11411

Plaintiff,

**COMPLAINT**

-against-

Jury Trial Demanded

PROMETHEUS LABORATORIES, INC. and
RON ROCCA



Defendants.

DEC 2 0 2007

U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------------X

Plaintiff, Michele Savoca, by her attorneys, Leeds Morelli & Brown, P.C.,

complaining of Defendants herein, alleges, upon knowledge as to herself and her own

actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1.      This is a civil action based upon Defendants' violations of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; New York State

Executive Law § 290 et seq.; New York City Human Rights Law §8-107 et seq.;

and any other cause of action that can be inferred from the facts set forth herein.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C.

§1343(3), 28 U.S.C. § 1343(4).  The supplemental jurisdiction of the Court (28

U.S.C. § 1367) is invoked over state causes of action.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §1391(c).

1

4.    The jurisdictional prerequisites to this lawsuit have been completed.  Plaintiff

filed a formal administrative complaint with the Equal Employment Opportunity.

Plaintiff was issued a Right to Sue letter dated September 25, 2007.  This action is

filed within ninty (90) days thereof.

## PARTIES

5.    Plaintiff Michele Savoca ("Savoca") was, at all relevant times, a District Sales

Manager ("DSM") or Regional Sales Manager ("RSM") for Defendant

Prometheus Laboratories, Inc.

6.    Defendant Prometheus Laboratories, Inc. ("Prometheus") is a foreign business

corporation doing business in New York County, State of New York, among other

locations.

7.    Defendant Ron Rocca ("Rocca") was, at all relevant times, a General Manager for

Prometheus and a supervisor of Plaintiff.

## FACTS

8.  On or about November 22, 2002, Savoca commenced employment with Prometheus as Regional Sales Manager of the Northeast Region, which included the New York and Boston Districts.

9.  In or about January 2005, Savoca became the District Sales Manager ("DSM") for the New York District Office.

10. Savoca always performed her job functions in an exemplary manner and received numerous emails praising her performance.

11. On or about November 20, 2005, Steven Sullivan ("Sullivan"), a Regional Sales Director ("RSD") and Savoca's direct supervisor, told Savoca that she was "in great shape as far as performance." Sullivan also stated that Savoca "works hard and is committed" and that she was "a very good candidate for [promotion to] RSD."

12. In or about December 2005, Savoca received a positive employment evaluation from Sullivan.

13. On or about April 14, 2006, Rocca sent Savoca an email stating "[y]ou demonstrate an exceptional mastery of professional management skills."

14.    In or about April 2006, despite Savoca's ample qualifications and numerous accolades, William Guinchard ("Guinchard") was promoted to Senior District Sales Manager, a position which is traditionally a stepping stone to an RSD position. Guinchard, not Savoca, was promoted despite the fact that Savoca's sales numbers were superior to Guinchard's and despite that Savoca had won the Company's Titan/Circle of Excellence award in 2004.

15.    Additionally, Cleta Ehrhart ("Ehrart"), a female sales manager who also had better sales numbers that Guinchard and had won the Titan/Circle of Excellence award in 2005, was also passed over in favor of Guinchard.

16.    In or about May 2006, Savoca asked Sullivan if gender had played a part in the decision to promote Guinchard over Savoca. Sullivan did not reply.

17.    On or about June 2, 2006, Savoca asked Rocca what criteria he used to make the promotion decision. Rocca admitted he did not have a list of criteria. When Savoca asked Rocca if the decision was gender-based, Rocca did not answer the question and became very angry.

18.    Savoca also asked why neither she nor Ehrhart had been asked to visit the home office since Rocca began as General Manager. Again, Rocca did not answer. Instead, Rocca began yelling at Savoca about her work performance.

19.     Moreover, Rocca began to discuss one of Savoca's supervisees, Janet Didier ("Didier"). Rocca said that he thought that Didier was not a hard worker and that she preferred to stay "at home watching Oprah."

20.     Rocca added that he did not think that women had the guts to do what it took to be a RSD.

21.     Shortly after this conversation, Sullivan told Savoca that she was now in Rocca's "radar."

22.     During Prometheus' June 2006 National Sales Meeting in San Diego, Rocca ignored Savoca. Savoca asked Sullivan why Rocca was ignoring her and Sullivan responded that Rocca "didn't feel well because he had knee surgery, was tired and on pain killers." However, Savoca noticed that Rocca spent a significant amount of time speaking with the male managers.

23.     On or about June 27, 2006, Rocca sent Savoca an e-mail stating that he had begun to review her field coaching reports ("FCR"). He said that he "observed several patterns that are alarming." The next day, Rocca sent another e-mail degrading her work, stating that Savoca is not permitted to write any more FCR's. No one in the company had previously said anything negative about Savoca's FCR's.

24.    On or about June 29, 2006, Savoca met with Sullivan and had a conference call with Rocca. During the call, Rocca repeatedly screamed at Savoca. Among other offensive comments, Rocca said that Savoca should be "embarrassed to be a DSM" and that she "was an embarrassment to the company" and that her "reps don't respect her." After the call, Sullivan expressed to Savoca that he was shocked by Rocca's behavior.

25.    Sullivan agreed that Savoca was completing her FCR's in a manner consistent with other DSM's. Savoca asked Sullivan if Rocca was similarly harassing to DSM Richard Jackson, whose sales numbers were equal to Savoca's. Sullivan admitted that Richard Jackson was not being treated in a similar manner.

26.    Sullivan also noted that Savoca "really got in Ron's radar" and that "he has it out for you." Sullivan additionally said that, "Ron zoned in on you and will probably not let go."

27.    On or about July 17, 2006, Savoca was placed on a Performance Improvement Plan ("PIP"). She had never been on a PIP prior to her opposition to discriminatory practices. Also, the PIP contained unrealistic performance goals.

28.    On or about December 13, 2006, Sullivan gave her a negative performance evaluation.

29. When Savoca said that she did not deserve such an evaluation, Sullivan said that he had "no choice" and that Rocca "still had it in for [her]."

30. At that point, Rocca was continuing to make unjustified comments about Savoca's work performance. In order to do so, Rocca skewed the numbers relating to Savoca's performance; her performance itself had not lessened.

31. On or about January 9, 2007, Prometheus terminated Savoca, allegedly based on her performance.

32. A less qualified male, Eric Brown ("Brown"), was promoted to fill Savoca's position. At the time of his first Prometheus promotion (in March 2005), Brown was in the bottom third of the sales force. At no point prior to his assuming Savoca's position had Brown ever achieved Senior TSS status, won a Titan/Circle of Excellence award, or been a manager.

33. By reason of Defendants' discriminatory actions against Plaintiff, Plaintiff has suffered a loss of earnings and benefits, as well as great pain, mental anguish, and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## CLAIMS FOR RELIEF AS AGAINST PROMETHEUS
### (TITLE VII, NEW YORK STATE HUMAN RIGHTS LAW, and NEW YORK CITY HUMAN RIGHTS LAW)

34.    As described above, Prometheus has taken adverse employment actions against Plaintiff, subjected her to a hostile work environment and/or maintained an atmosphere of adverse actions, due to her sex/gender and/or her opposition to discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964, in violation of the New York Human Rights Law, and in violation of the New York City Human Rights Law.

## CLAIMS FOR RELIEF AS AGAINST RON ROCCA
### (NEW YORK STATE HUMAN RIGHTS LAW and NEW YORK CITY HUMAN RIGHTS LAW)

35.    Defendant Rocca aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Human Rights Law and New York City Human Rights Law.

WHEREFORE, Plaintiff demands judgment against all Defendants in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against all Defendants for each claim and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including, but not limited to, reinstatement and a permanent injunction enjoining all Defendants and their agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the Court deems just and proper.

Dated: Carle Place, New York
        December 14, 2007

                                        LEEDS MORELLI & BROWN, P.C.
                                        *Attorneys for Plaintiff*
                                        One Old Country Road, Suite 347
                                        Carle Place, New York 11514
                                        (516) 873-9550

                                        By: _____
                                            RICK OSTROVE (RO-7248)